**PETROLEUM MARKETING CORPORA-TION, a corporation**

v.

**Robert W. ELLIS, Defendant.**

**Civ. A. No. 32106.**

United States District Court
E. D. Pennsylvania.

Jan. 16, 1963.

David F. Maxwell and Walter J. Collins, Jr., Obermayer, Rebmann, Maxwell & Hippel, Philadelphia, Pa., W. Cameron Burton, Washington, D. C., for plaintiff.

Henry W. Balka, Balka & Balka, Philadelphia, Pa., Harold N. Green, Wilmington, Del., for defendant.

GRIM, District Judge.

The trial judge makes the following

### FINDINGS OF FACT

1. Plaintiff, Petroleum Marketing Corporation ("Pemarco") is a corporation organized and existing under the laws of the State of Delaware, which maintains its principal place of business in a jurisdiction other than the Commonwealth of Pennsylvania.

2. Defendant, Robert W. Ellis, is an individual and a citizen of the Commonwealth of Pennsylvania, residing within the Eastern District of Pennsylvania.

3. The amount in controversy exceeds the sum of $10,000, exclusive of interest and costs.

4. On April 2, 1962, plaintiff and defendant entered into a written agreement

for the purchase by plaintiff of defendant's shares of stock in Universal Petroleum Sales, Inc. A copy of the stock purchase agreement is Exhibit A to the complaint.

5. Contemporaneously with the execution of the stock purchase agreement, plaintiff and defendant executed written addendum thereto, dated April 2, 1962, which defendant prepared and submitted to plaintiff, and in which plaintiff made changes prior to execution. The addendum provided:

> "Whereas Universal Petroleum Sales, Inc., and R. W. Ellis have been negotiating for the takeover of several leased stations by various suppliers, namely Sinclair, Sun, Texaco, Chevron, Richfield, American and Phillips 66, Ellis shall continue to have the right to pursue the disposition of the following leased locations and the equipment and leasehold improvements therein until 11/30/62, unless disposed of prior thereto by Universal Petroleum Sales, Inc. or Pemarco. The locations involved are known as Claymont, Delaware, State Line, Brandywine, Fairville, Downingtown, Paoli and Berwyn. Pemarco and Universal may also seek the disposition of these locations. However, regardless of who negotiates the disposition, or to whom, any capital gain realized on the disposition of the leasehold or the equipment therein shall inure to the sole and exclusive benefit of R. W. Ellis."

6. The term "locations" means gasoline service stations.

7. After April 2, 1962, the Claymont station was taken by the State of Delaware in eminent domain proceedings, and the Berwyn station was closed by plaintiff.

8. On June 8, 1962, plaintiff sold to defendant the equipment of the Fairfield station and transferred the leasehold to him, all at a price of $1,800 less than its book value as of April 2, 1962.

9. On July 8, 1962, defendant requested that plaintiff sell the State Line and Downingtown stations and transfer to him the leaseholds thereof. Plaintiff refused defendant's request on the ground that the addendum recited in the 5th Finding of Fact applied to the sale of all of the stations as a group, and not piecemeal to individual stations in the group.

The trial judge makes the following

## CONCLUSIONS OF LAW AND DECLARATORY JUDGMENT

1. The court has jurisdiction of the parties and of the subject matter and is competent to award declaratory relief, 28 U.S.C. §§ 1332, 2201.

2. The pleadings and proofs establish that a justiciable controversy presently exists between the parties with respect to the meaning of the addendum recited in the 5th Finding of Fact.

3. The addendum recited in the 5th Finding of Fact obligated plaintiff until November 30, 1962, to sell the equipment and transfer the leasehold, at their book value as of April 2, 1962, to defendant or any purchaser obtained by him, if acceptable to the respective landlords, of any one or more of the gasoline service stations mentioned in the addendum, unless plaintiff had previously made a binding agreement to sell and transfer the particular station or stations to some third persons. It is not a term of the addendum that defendant had to sell or dispose of all of the gasoline service stations as a group.

4. No determination is now made of the issues raised by defendant's counterclaim.

## DISCUSSION

Plaintiff's action for a declaratory judgment was tried to the court without a jury. Plaintiff contended that the addendum required defendant to "dispose of" all the stations as a group and that

he was not entitled to "dispose of" less than all of them.

■■ In substance the addendum made defendant the (non-exclusive) agent of plaintiff for the sale of these stations. When an owner of a number of non-contiguous pieces of real estate goes to a real estate broker and authorizes him to sell them, the broker is entitled, in the absence of an express understanding to the contrary, to sell them singly and is not obliged to sell the pieces as a group. The addendum is silent as to any requirement that the stations be sold as a group—an important provision which would certainly have been incorporated clearly in the addendum if the parties had intended it to be a provision. Hence, the requirement of a sale as a group is not a provision of the addendum.